UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>       v.<br><br>Rickey Johnson,<br>  a/k/a "Nigel Dawn Defarren,"<br><br>       *Defendant.* | [~~Proposed~~] Protective Order<br><br>21-cr-194 (LAK) |

  Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

  **WHEREAS**, the Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material";

  **WHEREAS**, the Government's Disclosure Material in this case may include confidential information ("Confidential Information") that may (i) affect the privacy and confidentiality of individuals; or (ii) expose sensitive personal information;

  **WHEREAS**, the entry of a protective order in this case will permit the Government to produce expeditiously Disclosure Material without further litigation or the need for substantial redactions, and will afford the defense prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense;

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1.      Confidential Information so designated by the Government shall not be disclosed by the defendant or defense counsel, including any successor counsel (collectively, "the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.  All Confidential Information possessed by the defense shall be maintained in a safe and secure manner.

2.      Confidential Information may be disclosed by counsel to the following persons (hereinafter, "Designated Persons"):

   (a) The defendant;

   (b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

   (c) Potential witnesses ("Potential Witnesses") for purposes of defending this action; and

   (d) Such other persons as hereafter may be authorized by the Court.

All Designated Persons to whom Confidential Information is disclosed in accordance with this provision shall be subject to the terms of this Order.  To the extent Confidential Information is disclosed to any Designated Persons, defense counsel shall first provide each Designated Person with a copy of this Order and instruct such Designated Persons that they are bound by the terms of this Order.  Defense counsel shall maintain a record of what information has been disclosed to which such persons.

3.      The Government may designate Disclosure Material as Confidential Information by labeling such Disclosure Material as "Confidential."  In the event of any dispute as to the

2

Government's designation of particular Disclosure Material as Confidential Information, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Confidential Information designation of the disputed materials. Absent a contrary order of this Court, the Government's designation of Disclosure Material as Confidential Information shall be controlling.

4. The parties must comply with the Local Criminal Rules, including Rule 23.1, which prohibits "the release of non-public information or opinion which a reasonable person would expect to be disseminated by means of public communication . . . if there is a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice."

5. The parties shall not post any Confidential Information on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Information to the media or any other third party, except as set forth herein.

6. The Government may authorize, in writing, disclosure of Confidential Information beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any Confidential Information in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. Except for Confidential Information that has been made part of the record of this case, and subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct, the defense shall return to the Government or securely destroy or delete all Confidential Information, including the seized ESI Confidential Information, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If Confidential Information is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. This Order places no restriction on the defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

10. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____   Date: April 20, 2021
Andrew J. DeFilippis
Patrick R. Moroney
Assistant United States Attorneys


/s/Zawadi Baharanyi            Date: April 20, 2021
Zawadi Baharanyi
Counsel for Rickey Johnson

SO ORDERED:

Dated: New York, New York
       April 21, 2021

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

5